## Commonwealth v. Mutual Loan & Trust Company, et al.

(Decided December 5, 1913).

### Appeal from Fayette Circuit Court.

Interest—Loans in Excess of Legal Rate—Disorderly House.—Under our statute providing that six per cent shall be the legal rate of interest and that all contracts for loans at a greater rate shall be void to the extent of the excess over that rate, but provides no penalty, one who maintains a place where loans in excess of the legal rate are habitually made is not guilty of the offense of keeping a disorderly house.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellant.

J. A. EDGE for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The grand jury of Fayette County returned an indictment against the appellees, Mutual Loan & Trust Company and J. P. Lacy, wherein they are charged with the offense of keeping a disorderly house in the city of Lexington by suffering and permitting divers persons to habitually frequent said house and be and remain there, and engage in borrowing money at usurious rates of interest, and that said defendants habitually in said house engaged in making loans to such persons at usurious rates of interest to the common nuisance of all good citizens.

To this indictment each of the defendants filed a demurrer which was sustained, and the Commonwealth appeals.

So the only question is whether a house in which money is habitually loaned at usurious rates is a disorderly house.

In Cheek v. Commonwealth, 79 Ky., 362, a disorderly house is defined as follows, to-wit:

"A disorderly house, in its restricted sense, is a house in which people abide, or to which they resort, dis-

turbing the repose of the neighborhood; but in its more enlarged sense it includes bawdy houses, common gambling houses, and places of like character, to which people promiscuously resort for purposes injurious to public morals, or health, or convenience, or safety. Nor is it essential that there be any disorder or disturbance in the sense that it disturbs the public peace or the quiet of the neighborhood.''

Sections 2218 and 2219, of the Kentucky Statutes, provide that six per cent shall be the legal rate of interest in this State, and that all contracts for loans at a greater rate shall be void to the extent of the excess over the legal rate; but there is no statute in this State prescribing a penalty for exacting or contracting for a usurious rate of interest.

It certainly cannot be contrary to law, in the ordinary sense, to do a thing for which the law prescribes no penalty.

We are cited to two cases from New Jersey (New Jersey v. Dimant, 73 N. J. L., 131, and New Jersey v. Martin, 24 L. R. A. (N. S.), 508, wherein it was held that to maintain a place for such habitual exaction of usury constituted the offense of maintaining a disorderly place. But, in New Jersey there is a statute providing that one who contracts for a usurious rate of interest shall not enforce the payment of any interest whatsoever on his loan; while in Kentucky it is only provided by statute that he shall collect nothing in excess of the legal interest.

Clearly, therefore, in New Jersey it was contrary to law to maintain a house where money was habitually loaned at usurious rates of interest for the reason that a penalty was prescribed by law for entering into such contracts; while in Kentucky the Legislature has not seen fit to punish the lender by prescribing a penalty for entering into such contracts.

Under our statute it is, therefore, not contrary to law in the sense that a penalty is prescribed for its infraction, to maintain a place where money is habitually loaned at usurious rates; but is contrary to law only in the sense that such contracts are unenforceable to the extent of the usury contracted for. Our statute is directed only to the preservation of the rights of individuals by providing that such contracts shall be unenforceable; while the New Jersey Statute in addition provides a punishment by way of forfeiture of all interest.

.Judgment affirmed.